**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                              4:06-CR-00088-02-JMM

**TORY EDWARD HOLMES**

**ORDER**

Pending is Defendant's Motion to Reduce Sentence (Doc. No. 108). Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008. After reviewing the case, the Court finds that the Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[1] The Defendant's offense conduct involved crack cocaine and powder cocaine. Pursuant to § 2D1.1, Application Note 10(D), when calculating the base offense level for conduct involving crack cocaine and another drug, the drug equivalency tables are used to calculate the combined base offense level. In the Defendant's case, the base offense level for the combined quantity of drugs is a level 28. However, the same base offense level would apply to the Defendant if the powder cocaine was considered without reference to the crack cocaine. In this situation, the two level reduction cannot be applied. *See* § 2D1.1, Application Note 10(D)(ii)(II) Exceptions to 2-Level Reduction.

Accordingly, Defendant's Motion to Reduce Sentence (Doc. No. 108) is DENIED.

---

[1] *See* U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) (March 3, 2008).

1

2

IT IS SO ORDERED this 22nd day of September, 2008.

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE